IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 14-CR-30039-SPM |
| **DENZELL D. GRANT,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Petitioner Denzell D. Grant. (Doc. 48). For the reasons set forth below, the Court denies the Motion.

## FACTUAL & PROCEDURAL BACKGROUND

In February 2014, Grant was indicted on one count of interference with commerce by robbery and one count of possession of a firearm in furtherance of a crime of violence. (Doc. 1). He later pleaded guilty to the indictment (Doc. 22). In October 2014, the Court sentenced Grant to one hundred eighty months imprisonment followed by three years of supervised release. (Doc. 31).

In July 2024, Grant filed a motion in this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he would have received a more lenient sentence if sentenced today, that he has been rehabilitated while in custody,

and that his sentence has become overly punitive due to harsher prison conditions. (Doc. 47).

## LEGAL STANDARD

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement sets forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an

extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id*. If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). *Id*. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *Id*.

Several courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch all" provision of Subsection D is still limited only to the BOP Director's determination of whether extraordinary and compelling circumstances exist or whether a court may make that determination. The Seventh Circuit Court of Appeals has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *See United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). Additionally, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021).

## ANALYSIS

Grant's arguments for a sentence reduction are not extraordinary and compelling.

### I.     Intervening Changes in the Law

Grant's first argument is that intervening changes in the law have rendered his sentence excessive. However, such requested relief is properly brought only in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See *Chazen v. Marske,*

938 F.3d 851, 856 (7th Cir. 2019) ("As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction."). Grant has already filed a § 2255 petition in this Court, which was denied in January 2017. (*See* Doc. 43).

## II.   Rehabilitation

Next, Grant cites his rehabilitation he has undergone while incarcerated. "[R]ehabilitation 'cannot serve as a stand-alone reason' for compassionate release." *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) (citing *United States v. Hunter*, 12 F.4th 555, 563 (6th Cir. 2021), *cert. denied*, 142 S. Ct 2771 (2022)). While § 1B1.13(d) allows this Court to consider Grant's rehabilitation "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," Grant has not pointed to any other circumstances that would justify compassionate release. U.S.S.G § 1B1.13(d). Furthermore, his disciplinary record indicates multiple behavioral infractions, including fighting, disobedience, and insolence. (Doc. 53-2). While Grant should be commended for the steps he has taken to rehabilitate, including maintaining gainful employment, his disciplinary record is less than stellar, and he provides no further reasoning as to why his rehabilitation efforts constitute extraordinary and compelling circumstances.

## III.   Harsh Prison Conditions

Finally, Grant argues that the declining prison conditions has caused his imprisonment to become overly punitive. Grant points to the lockdown at FCC-Yazoo City Medium U.S.P. and a fear of contracting a "deadly virus" as a result. First, Grant

is currently being housed at FCI-Three Rivers Medium Facility (Doc. 47), so this argument is moot. Second, even if Grant were to be housed at a location on lockdown due to COVID-19, the Seventh Circuit has held that "the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Accordingly, the fear of contracting COVID-19 does not serve as an extraordinary and compelling reason warranting compassionate release.

## CONCLUSION

The Court **FINDS** that Grant fails to present an extraordinary and compelling reason to warrant a sentence reduction.

Because Grant has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not discuss at length whether the § 3553(a) factors favor release. *See United States v. Ugbah,* 4 F.4th 595, 598 ("The § 3553(a) factors need to be discussed only 'to the extent they are applicable' —all a district judge needs to do is provide a sufficient reason for the decision. One good reason for denying a [compassionate release motion] is enough; more would be otiose.") For these reasons, the Motion for Compassionate Release (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 17, 2024**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
